**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LIAT K., | : |
| | : |
|  Plaintiff, | : |
| | : |
| v. | : Civil No. 3:22-CV-283-RAR |
| | : |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
|  Defendant. | : |

**<u>RULING ON PENDING MOTIONS</u>**

Liat K. ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") pursuant to 42 U.S.C. § 405(g).  The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated June 1, 2021.  Plaintiff timely appealed that decision.

Currently pending before the Court are plaintiff's motion to reverse or remand her case for a hearing (Dkt. No. 16) and defendant's motion to affirm the Commissioner's decision (Dkt. No. 22).

For the reasons that follow, the plaintiff's motion to remand or reverse is DENIED and the Commissioner's motion to affirm is GRANTED.

## PROCEDURAL HISTORY

Plaintiff initially filed for Social Security Disability Insurance Benefits under Title II on June 12, 2019 with an alleged onset date ("AOD") of October 15, 2017. (R. 84.) Following an initial denial on March 18, 2020 and upon reconsideration on September 8, 2020, Administrative Law Judge John T. Molleur ("ALJ") held a hearing on April 7, 2021. (R. 17.) Following the hearing, ALJ Molleur issued a written decision denying plaintiff's application on June 1, 2021. (R. 17-30.)  Plaintiff thereafter sought review by the Appeals Council, which was denied on December 22, 2021. (R. 1-6.) Plaintiff then timely filed this action seeking judicial review. (Dkt. #1.)

The plaintiff has filed a statement of material facts along with her brief. (Dkt. #17.)  Defendant, accordingly, filed a response to the statement of material facts indicating general agreement and some additional material facts.  (Dkt. #22-2.) The Court has reviewed, and generally adopts the facts as set forth in the parties' submissions and will not fully recite them here.  The Court will, of course, cite to specific facts and the record as needed throughout this opinion.

## THE ALJ'S DECISION

After applying the five-step evaluation process, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act from her AOD of October 15, 2017, through her date last insured ("DLI"), which is December 31, 2021. (R. 17–30.) At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity between her AOD and her DLI. (R. 19.) At step two, the ALJ found that plaintiff had the following severe impairments: "mixed connective tissue disease, obesity, fibromyalgia, adjustment disorder, major depression with panic and anxiety, thyroid disorder." (R. 20.)

At step three, the ALJ found that plaintiff's severe impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). (R. 20.) The ALJ paid particular attention to Listing 14.02B pertaining to systemic lupus erythematosus, Listing 14.06 for undifferentiated and mixed connective tissue disorder, and Listing 12.04 related to plaintiff's mental health impairments. However, the ALJ indicated that the plaintiff's medical records and other evidence in the record did not indicate sufficient symptomology to meet any of the identified Listings. (R. 20-22.)

The ALJ then found that the plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except with the following limitations: she is unable to climb ladders, ropes or scaffolds; she can perform other postural activities no more than occasionally; she may frequently reach in all planes with the bilateral upper extremities, and she may frequently handle and finer with both hands. She must avoid work at unprotected heights. She is limited to simple, routine, repetitive tasks with brie[f] and incidental contact with the general public, with no more than occasional decision-making or chances in the work setting.

(R. 22.) At step four, the ALJ concluded that plaintiff could not perform her past relevant work as a paralegal or conference planner. (R. 28.)  At step five of the process, the ALJ determined that based on the testimony of a vocational expert, there were sufficient jobs available in the national economy through the plaintiff's DLI.  Specifically, the ALJ identified the positions of Dowel Inspector, Table Worker, and Surveillance System Monitor.  (R. 29-30.)

Upon the completion of the five-step sequential evaluation process, the ALJ determined that the plaintiff was not under a disability between the AOD, October 15, 2017, and the date of the decision.  (R. 30.)

**STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981).[1]  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ."  42 U.S.C. § 405(g).  Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence.  Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this Court may not set aside the decision of the Commissioner if it is supported by substantial evidence.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

support the plaintiff's contrary position.  Schauer v.
Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit Court of Appeals has defined substantial
evidence as "'such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion.'"  Williams on
Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988)
(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
Substantial evidence must be "more than a scintilla or touch of
proof here and there in the record."  Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are
payable to an individual who has a disability.  42 U.S.C.
§ 423(a)(1).  "The term 'disability' means . . . [an] inability
to engage in any substantial gainful activity by reason of any
medically determinable physical or mental impairment. . . ."  42
U.S.C. § 423(d)(1).  To determine whether a claimant is disabled
within the meaning of the SSA, the ALJ must follow a five-step
evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether
the claimant is currently engaged in substantial gainful activity; (2)
if not, the Commissioner considers whether the claimant has a "severe
impairment" which limits his or her mental or physical ability to do
basic work activities; (3) if the claimant has a "severe impairment,"
the Commissioner must ask whether, based solely on the medical
evidence, the claimant has an impairment listed in Appendix 1 of the
regulations. If the claimant has one of these enumerated impairments,
the Commissioner will automatically consider him or her disabled,
without considering vocational factors such as age, education, and
work experience; (4) if the impairment is not "listed" in the
regulations, the Commissioner then asks whether, despite the
claimant's severe impairment, he or she has the residual functional

To be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).  "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  Id.[3]

## I.  Discussion

In this case, plaintiff has raised one claim of error which she argues necessitates remand of the ALJ's decision.  Plaintiff argues that the ALJ's RFC determination was made in error because the ALJ failed to properly evaluate the medical source opinion provided by plaintiff's treating counselor, LMSW Lois Meyer.[4] (Dkt. #16-1 at 1.)

_____

capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.  The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps.  20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work."  Id.

[4] The Court notes that there are references to Ms. Meyer being an LCSW and an LMSW.  According to records signed by Ms. Meyer, she references herself as being an LMSW and the Court will address her as such. Although the Court highlights the discrepancy, it does not alter the analysis of Ms. Meyer's opinion.

When an individual's impairment does not meet or equal a listed impairment, the ALJ will "make a finding [of the individual's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 404.1520(e). An individual's RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). Plaintiff has the burden of establishing a diminished RFC. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).

The Social Security regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ will consider any medical opinions according to certain factors, including: (1) whether objective medical evidence supports and is consistent with the opinion; (2) the relationship between the medical source and claimant; (3) the medical source's specialty; and (4) other factors that "support or contradict a medical opinion[.]" Id. §§ 404.1520c(c), 416.920c(c). The ALJ must explain how he or she considered the "supportability" and "consistency" factors in the evaluation, but the ALJ need not explain how he or she considered the secondary factors unless the ALJ finds that two or more medical

opinions regarding the same issue are equally supported and
consistent with the record but not identical.  20 C.F.R.
§ 404.1520c(b).

For the "supportability" factor, "[t]he more relevant the
objective medical evidence and supporting explanations presented
by a medical source are to support his or her medical opinion(s)
or prior administrative finding(s), the more persuasive the
medical opinions or prior administrative finding(s) will be."
Id. §§ 404.1520c(c)(1), 416.920c(c)(1).  For the "consistency"
factor, "[t]he more consistent a medical opinion(s) or prior
administrative finding(s) is with the evidence from other
medical sources and nonmedical sources in the claim, the more
persuasive the medical opinion(s) or prior administrative
finding(s) will be."  Id. §§ 404.1520c(c)(2), 416.920c(c)(2).

In the event that the court does not find that the RFC
determination was subject to a legal error, the issue will
become one of substantial evidence.  "[W]hether there is
substantial evidence supporting the appellant's view is not the
question here; rather, we must decide whether substantial
evidence supports the ALJ's decision."  Bonet v. Colvin, 523
Fed. Appx. 58, 59 (2d Cir. 2013)(summary order).  Analogously,
"[g]enuine conflicts in the medical evidence are for the

Commissioner to resolve." <u>Veino v. Barnhart</u>, 312 F.3d 578, 588 (2d Cir. 2002).

The undersigned interprets plaintiff's brief as making two arguments in relation to the ALJ's analysis of LMSW Meyer's opinion. First, and foremost, the plaintiff alleges legal error in that the ALJ failed to properly articulate the supportability and consistency factors of LMSW Meyer's opinion. (Dkt. #16-1 at 2-4.) If so, remand would be warranted without consideration of the substantial evidence standard. Second, the plaintiff appears to argue that even if the Court finds no legal error in the application of the regulations, the ALJ erred by relying on plaintiff's travel and involvement with her business because such evidence is not substantial evidence of her ability to work in relation to her mental health conditions. (Dkt. #16-1 at 6-7.)

The Commissioner responds by arguing that the ALJ reasonably determined that the records of LMSW Meyer indicate that plaintiff had more significant involvement in the family crafting business and activities of daily living then indicated by the restrictions contained in LMSW Meyer's opinion. The Commissioner, while citing a variety of evidence that the ALJ articulated and relied upon, asserts that plaintiff has not identified any errors and has failed to meaningfully engage with the analysis contained in the record. (Dkt. #22-1 at 6-9.)

The Court reiterates that the ALJ determined that plaintiff had an RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) except with the following limitations: she is unable to climb ladders, ropes or scaffolds; she can perform other postural activities no more than occasionally; she may frequently reach in all planes with the bilateral upper extremities, and she may frequently handle and finer with both hands. She must avoid work at unprotected heights. She is limited to simple, routine, repetitive tasks with brie[f] and incidental contact with the general public, with no more than occasional decision-making or chances in the work setting.

(R. 22.) Plaintiff's challenge to this RFC determination relates to the opinion provided by LMSW Meyer, who treated plaintiff through Jewish Family Service of Fairfield County. LMSW Meyer, given her profession, and the Mental Health Questionnaire she provided, opined on plaintiff's ability in relation to her mental health and her opinion would not have a bearing on the ALJ's RFC determination regarding plaintiff's physical limitations.

LMSW Meyer authored her opinion in October 2019 and it was cosigned by both an LCSW and medical doctor ("MD"). (R. 597.) LMSW Meyer indicates that she started treating plaintiff on 7/31/2018 on a weekly basis through the date of the opinion for a diagnosed adjustment disorder with anxiety. (R. 593.) In assessing plaintiff's functioning as it relates to activities of daily living, LMSW Meyer indicates an average ability to take of personal hygiene and to use good judgment regarding safety and

dangerous circumstances.  (R. 595.)  However, LMSW Meyer
indicates a frequent problem with caring for physical needs and
no ability to use coping skills or handle frustration.  (R.
595.)  LMSW Meyer notes plaintiff has difficulty preparing
meals, caring for herself, others, and the household.  Due to a
lack of ability to handle daily stressors, according to LMSW
Meyer, plaintiff disassociates and ignorers frustrating
situations and uses avoidant behaviors.  (R. 595.)

     LMSW Meyer further opines that in the area of social
interactions plaintiff has a reduced ability to interact
appropriately with others.  Additionally, plaintiff is noted to
have average functioning in the areas of asking questions,
responding appropriately to authority, and getting along with
others. (R. 596.)  Finally, in the area of task performance,
LMSW Meyer opines that plaintiff has an above average ability to
carry out single and multi-step instructions.  (R. 596.) LMSW
Meyer writes that the plaintiff is "extremely impaired regarding
task performance – she can carry out all basic instructions,
however has sever difficulty with task completion due to daily
onset of symptoms." (R. 596.)

     The ALJ, as required, assessed the persuasiveness of LMSW
Meyer's opinion, and found that it was unpersuasive.  (R. 28.)
The ALJ stated that the opinion, relating to task performance
and activities of daily living was "not supported by Ms. Meyer's

treatment notes."(R. 28.)  The ALJ continues by outlining the findings in LMSW Meyer's opinion and then states that the findings "contradict Ms. Meyer's treatment notes, indicating that the [plaintiff] was extensively involved with her business and even went away for a weekend with friends." (R. 28.)

Plaintiff asserts that the ALJ's discussion of LMSW Meyer's opinion is insufficient because it does not sufficiently articulate how the opinion was considered and relies on conclusory findings.  In support of this argument the plaintiff relies heavily on the Honorable Sarala V. Nagala's discussion in Lisa T. v. Kijakazi, No. 3:20-CV-1764 (SVN), 2022 WL 2207613 (D. Conn. June 21, 2022).  In Lisa T., Judge Nagala held that the ALJ had failed to adequately evaluate the persuasiveness of a treating source's opinion.  In so holding, Judge Nagala quoted the entirety of the ALJ's analysis as to that sources opinion and noted that the ALJ had "summarily discarded" portions of the opinion "without citing to any contradictory evidence in the record."  Lisa T., 2022 WL 2207613 at *6-7.  Judge Nagala found that, in light of this failure to articulate or cite to the record, the court was unable to conduct a meaningful review. Id.

However, unlike in Lisa T., the ALJ in this case did cite to evidence in the record when finding LMSW Meyer's opinion unpersuasive. (R. 28.)  The notes cited by the ALJ indicate the

plaintiff "feels she is doing well at the gift shows; customer [sic] like her offerings and she feels she can contribute to the family's income."  (R. 519.)  Other cited notes state that plaintiff "has a bit more energy" and "was able to pay two months of utility bills with her craft business and feels relieved to be helping with the household expenses." (R. 526.) Another record indicated that plaintiff went to the Berkshires with family and friends and "felt happy and temporarily that her life was normal." (R. 559.)  Other notes cited by the ALJ indicate plaintiff was attending several craft shows and had concern with her ability to stand for six to seven hours.  (R. 568.)  The following month, other notes indicate that plaintiff "had a successful two day show and that taking has [sic] CBD helped her with her aches and pain, making it bearable to be able to stand most of the day." (R. 574.)  LMSW Meyer additionally noted that plaintiff reported spending "the entire summer inside her basement working on her crafts and taking care of her family." (R. 1069.)  LMSW Meyer also noted reports that plaintiff was "busy with her business and []finding it difficult to manage [her son's] needs and balancing getting her work done."  (R. 1087.)  This note also indicates that the plaintiff's husband was not being helpful with their son's needs.

Under these circumstances, the Court does not agree with the plaintiff that the ALJ relied on conclusory statements. (Dkt. #16-1 at 5.) Rather, the ALJ pointed to specific evidence in the record to support the assertion that the relatively high restrictions LMSW Meyer opined for plaintiff were contradicted by some of her own treatment notes.  A review of the cited notes provides support in the record for the ALJ's finding.  Plaintiff was telling LMSW Meyer that she was busy working the shows, albeit with some concerns and planning for accommodating her needs to sit on occasion. (*See* R. 616.)  Based on the raw citations by the ALJ, the Court was forced to locate and review the cited records.  However, the Court was able to review the cited records and determine how they do or do not support the ALJ's decision.  Having been able to complete a meaningful review, the Court has determined that there was not legal error in the evaluation of the opinion of LMSW Meyer.

The Court additionally notes that there was a more extensive discussion of LMSW Meyer's treatment notes elsewhere in the ALJ's opinion. (R. 25-27.)  This discussion provides further articulation of how the treatment notes and reporting from plaintiff contradict the opinion of LMSW Meyer.  The ALJ noted records indicating attendance at craft "shows weekend after weekend" and the amount of money that the plaintiff had made from her business. (R.26.)  This is noted by the ALJ to be

in contradiction of plaintiff's assertion that she did very little with the business and indicates a higher level of functioning then reported. (R. 26.)

Plaintiff's brief goes on to identify evidence in the record and treatment notes that comport with the opinion of LMSW Meyer and that indicate an inability to work. (Dkt. #16-1 at 6-7.)  To the extent that this is an attempt by plaintiff to show that there is substantial evidence to support LMSW Meyer's limitations, the argument is not persuasive.  A reviewing court does not "decide the facts anew, nor [] reweigh the facts, nor [] substitute its judgment for the judgment of the ALJ. Rather, the decision of the ALJ must be affirmed if it is based upon substantial evidence even if the evidence would also support a decision for the plaintiff." Bellamy v. Apfel, 110 F. Supp. 2d 81, 87 (D. Conn. 2000). "Indeed, [t]he fact that [plaintiff] does not agree with [the ALJ's] findings, does not show that the ALJ failed to comply with the applicable standards." Gina C. v. Comm'r of Soc. Sec. Admin., No. 3:21CV00423(SALM), 2022 WL 167922, at *10 (D. Conn. Jan. 18, 2022).  Here, there very well may be substantial evidence in the record to support plaintiff's position, but there is nevertheless substantial evidence to support the ALJ's decision.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED and the Commissioner's motion to affirm is GRANTED.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 29th day of March, 2023 at Hartford, Connecticut.

/s/

Robert A. Richardson
United States Magistrate Judge